IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RANDALL SCOTT MICHAEL,**

    **Petitioner**

**v.**                           //        **CIVIL ACTION NO. 1:08CV43**
                                                     **(Judge Keeley)**

**WAYNE A. PHILLIPS,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On January 18, 2008, pro se petitioner Randall Scott Michael ("Michael") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court referred this matter to United States Magistrate Judge James E. Seibert for initial screening and a report and recommendation ("R&R") in accordance with Local Rule of Prisoner Litigation 83.09. On January 22, 2008, Magistrate Judge Seibert entered an order to show cause on the respondent. On February 22, 2008, the respondent filed a motion to dismiss. Michael did not file a response.

On April 7, 2008, the Magistrate Judge entered an R&R recommending that this Court grant the respondent's motion, deny Michael's petition, and dismiss this case with prejudice. The R&R specifically warned that failure to object to the R&R would result in the waiver of any appellate rights on this issue. Nevertheless,

## ORDER ADOPTING REPORT AND RECOMMENDATION

Michael failed to file any objections.[1]

Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt no. 12), **GRANTS** the respondent's motion to dismiss (dkt no. 7), **DENIES** Michael's petition and **ORDERS** this case **DISMISSED WITH PREJUDICE.** The Court orders the Clerk to **STRIKE** this case from the Court's docket.

It is so **ORDERED.**

The Clerk is directed to mail a copy of this Order to the <u>pro se</u> petitioner, certified mail, return receipt requested and to transmit copies of this Order to counsel of record.

Dated: May 7, 2008.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] Michael's failure to object to the Report and Recommendation not only waives his appellate rights in this matter, but also relieves the Court of any obligation to conduct a <u>de novo</u> review of the issue presented. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 148-153 (1985); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 199-200 (4th Cir. 1997).